## THOMAS MAHER ET AL. *v.* RICHARD F. CARMAN.

*Appeal—Rules of Court—Absence of Counsel.*

The 25th rule of this Court was not intended to impose upon the Judge the duty of acting as counsel for the party who does not appear to prosecute or defend, but to save to parties acting in good faith a further opportunity of presenting a printed brief, and save to the Court the loss of time incident to motions to open judgments, etc.

WOODRUFF, J.—The exceptions taken in the progress of the trial in this case are very numerous. A very large portion are exceptions taken by the Plaintiff (the Respondent); others by the Appellant; and as to many others, the case does not state, in terms, by which party the objections were made, or which party took the exceptions. By diligent and laborious examination, that can, doubtless, be learned. The case is full of objections upon which no rulings appear, and of matter of conversation or discussion in no sense relevant to any review of the proceedings. The case bears the appearance of being a copy of all the minutes of the stenographer, in the language and with the memoranda which he took on the trial. The charge of the Judge is given in full, notwithstanding there are no exceptions taken thereto which bring it or any part of it under review. There does not appear even the apology for this, that it was made the ground of a motion for a new trial on the whole case, which might explain, though it would not justify, the presentation of the Appellant's exceptions in this form. With this gross violation of the rules of the Supreme and other Courts (including the Court in which the cause was heard on appeal) it was doubtless the province of the Court below to deal.

But we may properly say, as was said by Bronson, Ch.J., in Price *v.* Powell (3 Coms. 322): "If it be proper to review such a case, every doubt about facts should be turned against the party making the bill."

When to this apparent effort to obtain the delay which an appeal would secure, and yet advised of the labor and expense in-

volved in a proper performance of the work undertaken, there is added that the Appellant fails to appear or to submit any brief or points, the inference is not extraordinary that he has himself no confidence that any ground exists for disturbing the judgment. The 25th rule of this Court was not intended to impose upon the Judge the duty of acting as counsel for the party who does not appear to prosecute or defend, but to save to parties acting in good faith a further opportunity to present a printed brief; and save the Court the loss of time formerly consumed in hearing motions to open.

The judgment should be affirmed, with ten per cent damages.

Affirmed, with ten per cent damages.

JOEL TIFFANY,
State Reporter.